UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAHL CLIPPER CORPORATION ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 14-cv-2716 |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| PHILIPS ELECTRONICS NORTH AMERICA ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Wahl Clipper Corporation ("Wahl"), for its Complaint against Defendant Philips Electronics North America Corporation ("Philips"), herein alleges:

## PARTIES

1. Wahl is an Illinois corporation with its principal place of business located at 2900 N. Locust Street in Sterling, Illinois.

2. Wahl is a well-known international manufacturer of hair clippers and personal care products for the beauty and barber industry, consumer market, as well as the animal grooming market.

3. Wahl has been innovating and manufacturing such products for over 90 years. Wahl has built a strong reputation for manufacturing and selling innovative, high quality products during that time.

4. On information and belief, Philips is a Delaware Corporation with its principal place of business in the State of New York.

5. Wahl are Philips are competitors in the market for hair clippers.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is an action arising under the patent laws of the United States, Title 35 of the United States Code, based on Philips's infringement of U.S. Patent Nos. 6,684,511 ("the '511 Patent") and 6,986,206 ("the '206 Patent") (collectively, "the Wahl Patents").

7. This Court has personal jurisdiction over Philips. Philips transacts business within this district in a substantial, continuous, and systematic way, including but not limited to distributing products that are and have been offered for sale, sold, and used in Illinois. Moreover, Philips has distributed in Illinois the specific products whose manufacture, sale, and use are at issue in this Complaint. Additionally, Philips has a place of business related to its Consumer Lifestyle business located in Roselle, Illinois. On information and belief, the Consumer Lifestyle business includes the Philips Norelco product line at issue in this Complaint.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Philips regularly conducts business in this judicial district and has committed acts that infringe the '511 and '206 patents in this judicial district.

## FACTUAL BACKGROUND

### The Wahl Patents

9. The '511 Patent is entitled "Hair Clipping Device With Rotating Bladeset Having Multiple Cutting Edges," and was duly issued by the United States Patent and Trademark Office on February 3, 2004.

10. The '511 Patent was based on Patent Application Serial No. 09/736,800, which was filed on December 14, 2000. Patent Application Serial No. 09/736,800 had published on June 20, 2002 as Publication No. 2002/0073550.

11. Wahl is the assignee of the '511 Patent and the owner of the full right, title, and interest in the '511 Patent.

12. A true and correct copy of the '511 Patent is attached hereto as Exhibit A.

13. The '206 Patent is also entitled "Hair Clipping Device With Rotating Bladeset Having Multiple Cutting Edges," and was duly issued by the United States Patent and Trademark Office on January 17, 2006.

14. The '206 Patent was based on Patent Application Serial No. 10/694,135, which was filed on October 27, 2003. Patent Application Serial No. 10/694,135 had published on March 25, 2004 as Publication No. 2004/0055163. The '206 Patent is a continuation of the '511 Patent and claims the benefit of the '511 Patent's filing date.

15. Wahl is the assignee of the '206 Patent and the owner of the full right, title, and interest in the '206 Patent.

16. A true and correct copy of the '206 Patent is attached hereto as Exhibit B.

17. The Wahl Patents are valid and enforceable.

18. The Wahl Patents relate, in part, to hair clipping devices having a bladeset that is rotateably engageable on a housing. Specifically, the Wahl Patents explain that users of hair clippers benefit from the ability to perform both "gross" trimming of a beard, moustache, sideburns, and the like, as well as "fine" trimming around the nose, lips, and ears. (Ex. A, 1:46-49.) "Gross" trimming can be achieved using a wide blade, whereas "fine" trimming can be achieved using a narrow blade. (Ex. A, 5:61-66.)

19. The inventors of the Wahl Patents recognized that prior attempts to provide both "gross" and "fine" trimming functionality suffered from disadvantages:

> [S]ome conventional electric clippers or shavers offer auxiliary pop-up trimming blades which are supplemental to the main cutting blades. However, one

>disadvantage of these supplemental trimming blades is that they are placed in close proximity to the main blades, and in some cases both sets of blades may cut hair, while only one set is so intended. The result is an uneven trimming job and a frustrated user. In some cases, the unintended set of blades may pull the hair or skin of the user. Further, the close proximity of the main and auxiliary blades in some cases obscures the visibility of the area to be trimmed.

(Ex. A, 1:49-59.) The inventors of the Wahl Patents invented a hair clipper that remedied these, and other, shortcomings of existing hair clippers:

>Yet another object of the present invention is to provide an improved hair clipping device with blades for performing both gross and fine trimming, wherein the type of trimming can be selected while the user retains the same hand position, and wherein the cutting location is easily viewed.

(Ex. A, 2:3-7.)

20. The inventors achieved this, in part, with a novel "rotatable bladeset" technology:

>A further object of the present invention is to provide an improved hair clipping device which features a rotatable bladeset which provides a choice between fine and gross trimming, wherein when one such type of trimming is selected, the non-selected blades are kept out of the way to minimize interference with cutting or snagging by the selected blades.

(Ex. A, 2:13-19.)

21. By way of example, the Figures of the Wahl Patents show a hair clipper having a bladeset **26** that includes both a wide cutting edge **32** for "gross" trimming and a narrow cutting edge **34** for "fine" trimming. Figure 1 shows the wide cutting edge **32** in a forward-facing direction, whereas Figure 3 shows the bladeset in a rotated configuration, in which the narrow cutting edge **34** is in a forward-facing direction.



According to the Wahl Patents,

> [A]nother feature of the present device **10** is that the bladeset **26** is rotatably engaged upon the housing **12** through mounting to the blade chassis **24**, which in turn is rotatably engageable on the housing. … A related advantage of the present device **10** is that the housing **12** is configured so that the user may maintain a single gripping position when the bladeset **26** is in the cutting location **96**, regardless of whether the blade chassis **24** is in the first position or the second position.

(Ex. A, 6:30-49.) Thus, the Wahl Patents disclosed a hair clipper having a rotatable bladeset that allowed a user to engage in both "gross" trimming and "fine" trimming using a rotatable bladeset.

22. The Wahl Patents include a detailed description explaining the rotatable bladeset technology. The Wahl Patents also include claims that cover aspects of, and that provide Wahl with the legal right to exclude other companies from selling devices that include, Wahl's patented rotabable bladeset technology.

**Wahl's Products Practicing The '511 And '206 Patents**

23. Wahl has sold products using its patented rotatable bladeset technology, including its Groomsman XL$^2$, Revolution XL$^{2,}$ and The Goatee trimmers. Wahl continues to sell products using its rotatable bladeset technology, including its Beard & Mustache product.

24. When selling products implementing its rotatable bladeset technology, Wahl advertises the patented rotatable bladeset technology, as shown by the following exemplary product packaging:



*Packaging for Wahl's Revolution XL$^2$*



*Packaging for Wahl's Groomsman XL$^2$*



*Packaging for Wahl's Groomsman XL$^2$*



*Packaging for Wahl's The Goatee*

-6-

25. The rotatable bladeset technology, and Wahl's ability to advertise that the technology is patented and therefore not available in products from other manufacturers, has been a key driver of consumer demand for the Wahl Products.

**Notice Of The Wahl Patents**

26. Wahl has put Philips on notice of the Wahl Patents at least through a letter to Frans Van Houten, CEO of Royal Philips Electronics, dated August 2, 2012

27. For at least some of its past or present products implementing the rotatable bladeset technology, Wahl has prominently marked the product packaging with the word "patented" and/or included the patent number of at least one of the Wahl Patents.

**Philips's Infringing Products**

28. Philips imports, makes, sells, and offers to sell hair clipper products that include rotatable bladeset technology and that infringe the Wahl Patents.

29. Philips's products that infringe the Wahl Patents include at least: the Philips Norelco Beard Trimmer Series 5000; the Philips Norelco Beard Trimmer Series 9000; and the Philips Norelco Styleshaver ("Accused Products"). Other Philips infringing products may exist.

30. Philips's product packaging confirms that Philips has incorporated Wahl's patented rotatable bladeset technology into its own products.


*Packaging for Philips Norelco Series 5000*


*Packaging for Philips Norelco Styleshaver*

*Beard Trimmer*



*Packaging for Philips Norelco Series 9000 Beard Trimmer*

31. Philips emphasizes rotatable bladeset feature in its product packaging, as shown above.

32. Philips also emphasizes this feature in other advertising, including on its website. The following is taken from a Philips website (http://www.usa.philips.com/c-p/BT9295_41/pro) advertising its Series 9000 trimmers:



A similar graphic and description appears on the Philips website for its Series 5000 trimmers (http://www.usa.philips.com/c-p/BT5275_41/dual-sided-trimmer-100-waterproof).

33. As shown through its advertising, Philips relies on the rotatable bladeset feature to drive customer demand for the Accused Products.

34. The rotatable bladeset feature is responsible for increasing Philips's sales of the Accused Products.

35. Wahl has lost sales as a result of Philips's ability to draw customers based on the rotatable bladeset technology that Philips advertises and incorporates into the Accused Products.

## COUNT I

## Infringement of U.S. Patent No. 6,684,511 Under 35 U.S.C. § 271 *et seq.*

36. Wahl repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

37. Philips has infringed and continues to infringe one or more claims of the '511 Patent, literally and/or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or importation of products implementing rotatable bladeset technology, including at least the Accused Products. Specifically, at least the Accused Products infringe at least independent claims 1 and 18 of the '511 patent, along with dependent claims that Wahl will identify in due course and in accordance with the Court's scheduling deadlines.

38. Philips induces and has induced infringement by others of the '511 Patent in violation of 35 U.S.C. § 271(b). Third parties use the Accused Products and thereby infringe the '511 Patent. Philips has had actual or constructive notice of the '511 Patent, and Philips has had actual or constructive notice that customers of its products having rotatable bladeset technology make use of the rotatable bladeset feature. Philips intentionally encourages third parties to use the rotatable bladeset feature through at least website advertising, product packaging, and product instruction manuals.

39. Philips contributes and has contributed to infringement by others of the '511 Patent in violation of 35 U.S.C. § 271(c). Philips sells within the United States and/or imports into the United States components for providing hair clippers with rotatable bladeset technology. These components constitute a material part of the invention claimed by the Wahl Patents.

Rotatable bladesets and associated components are especially made or especially adapted for use in infringing the Wahl Patents and are not staple articles of commerce capable of substantial noninfringing uses.

## COUNT II

### Infringement of U.S. Patent No. 6,986,206 Under 35 U.S.C. § 271 *et seq.*

40. Wahl repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

41. Philips has infringed and continues to infringe one or more claims of the '206 Patent, literally and/or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or importation of products implementing rotatable bladeset technology, including at least the Accused Products. Specifically, at least the Accused Products infringe at least independent claims 1 and 19 of the '206 patent, along with dependent claims that Wahl will identify in due course and in accordance with the Court's scheduling deadlines.

42. Philips induces and has induced infringement by others of the '206 Patent in violation of 35 U.S.C. § 271(b). Third parties use the Accused Products and thereby infringe the '206 Patent. Philips has had actual or constructive notice of the '206 Patent, and Philips has had actual or constructive notice that customers of its products having rotatable bladeset technology make use of the rotatable bladeset feature. Philips intentionally encourages third parties to use the rotatable bladeset feature through at least website advertising, product packaging, and product instruction manuals.

43. Philips contributes and has contributed to infringement by others of the '206 Patent in violation of 35 U.S.C. § 271(c). Philips sells within the United States and/or imports into the United States components for providing hair clippers with rotatable bladeset technology.

These components constitute a material part of the invention claimed by the Wahl Patents. Rotatable bladesets and associated components are especially made or especially adapted for use in infringing the Wahl Patents and are not staple articles of commerce capable of substantial noninfringing uses.

## PRAYER FOR RELIEF

44. Wahl repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

45. Philips, by its infringing conduct, has caused Wahl irreparable harm for which there is no adequate remedy at law.

46. Philips has engaged in its conduct willfully and in complete disregard of, or with indifference to, Wahl's rights and interests.

47. Wahl has suffered substantial damage as a result of Philips's infringement to date.

48. Philips's actions, including its apparent outright copying of and advertising of the patented rotatable bladeset technology with actual or constructive notice of the Wahl Patents, render this an "exceptional case" under 35 U.S.C. §285.

WHEREFORE, Plaintiff Wahl Clipper Corporation, requests that this Court award the following relief:

    A. A judgment that Philips has infringed the Wahl Patents directly, has induced infringement of the Wahl Patents, and has contributed to infringement of the Wahl Patents;

    B. A permanent injunction against Philips, its respective officers, agents, servants, employees, attorneys, parent corporations, subsidiary corporations, divisions, assigns, and successors in interest, and those persons in active concert or participation with them,

enjoining them from infringing, contributing to infringement of, and/or inducing infringement of U.S. Patent No. 6,684,511 and U.S. Patent No. 6,986,206;

C. An accounting of all damages sustained by Wahl and all profits realized by Philips by reason of its unlawful acts;

D. An award of monetary damages adequate to compensate Wahl for the infringement that has occurred, together with all interest legally recoverable, including treble damages pursuant to 35 U.S.C. § 284, based on Philips's willful infringement;

E. An award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

F. An award of such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Wahl demands a trial by jury on all matters subject to decision by a jury.

Dated: April 15, 2014

Respectfully submitted,

**WAHL CLIPPER CORPORATION**

By: __/s/ Joan L. Long_____
One of Its Attorneys

Joan L. Long
Mark A. Hagedorn
Shubham Mukherjee
**BARNES & THORNBURG LLP**
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606-2833

-13-

                                          Telephone: (312) 357-1313
                                          Facsimile: (312) 759-5649